# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM BUCK, R21689, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:17-cv-00270-DRH-RJD |
| DENNIS YOUNG, *et al.*, | ) |
| Defendants. | ) |

## ORDER

**DALY, Magistrate Judge:**

Before the Court is Plaintiff William Buck's "Motion to Recuse Magistrate Judge Daly." (Doc. 61). This is a prisoner civil rights action and Buck is currently an inmate at Pontiac Correctional Center ("Pontiac"). Buck asserts that the undersigned is biased against him and that he "has not gotten fair hearings nor will he if Magistrate Judge Daly remains on his case." Buck states in his motion that "Defendants have submitted fraudulent documents admitted they did so and still won a motion against plaintiff" and Defendants filed certificates of service referencing an address where Plaintiff is no longer located. Additionally, Buck contends that the undersigned "summarily dismisses Plaintiff['s] motions yet gives advice [and] strategy to defendants to win their case against Plaintiff."

Buck filed this action on March 15, 2017 (Doc. 1) asserting that he was subjected to unconstitutional conditions of confinement at Menard Correctional Center ("Menard"). On May 11, 2017 Judge Herndon screened Buck's complaint pursuant to 28 U.S.C. § 1915A (Doc. 8) and held that Buck articulated various Eighth Amendment claims relating to his conditions of confinement at Menard. Less than two weeks later, Buck filed a motion for preliminary injunctive relief (Doc. 17), stating that he was not receiving adequate medical care at Menard

1

and that several Menard employees were retaliating against him for filing this lawsuit. In the "Relief Requested" section of Buck's motion, he requests "[t]hat Plaintiff be transferred immediately to another maximum security facility in the Illinois Dept. of Corr. equivalent to the level of Menard, as in Stateville C.C. or Pontiac C.C. or transferred to Dixon Corr. Cent. where they have the staff and facility to deal with Plaintiff's mental health issues." (Doc. 17, pp. 3-4). Defendants filed a response to Buck's motion, stating that Buck had been transferred out of Menard due to medical reasons and that he is now housed at Pontiac. (Doc. 44). Defendants later supplemented their response stating that Buck was actually transferred to Pontiac because of an "incident" with staff, but the transfer was also made for psychiatric reasons. (Doc. 46). Because Buck obtained the relief sought in his motion for preliminary injunctive relief, the undersigned issued a Report and Recommendation recommending that the motion be deemed moot. (Doc. 54).

Pursuant to 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." A judge shall also disqualify himself, among other reasons, "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). To determine whether § 455(b)(1) disqualification is appropriate, "the question is whether a reasonable person would be convinced the judge was biased." *Brokaw v. Mercer Cty.*, 235 F.3d 1000, 1025 (7th Cir. 2000) (*quoting Hook v. McDade*, 89 F.3d 350, 355 (7th Cir.1996)). The Supreme Court has noted that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157, 127 L. Ed. 2d 474 (1994). "Almost invariably, they are proper grounds for appeal, not for recusal." *Id.*

Here, Buck's dissatisfaction with the undersigned appears to primarily stem from the fact that a Report and Recommendation was issued recommending his motion for preliminary injunctive relief be denied. However, Buck has essentially obtained the relief he sought in his motion. A preliminary injunction is an "extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24, 129 S. Ct. 365, 376, 172 L. Ed. 2d 249 (2008). He requested a transfer out of Menard, and he was in fact transferred out of Menard. When a prisoner is transferred to a different prison, a request for injunctive relief pertaining to the first prison will generally become moot. *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). Buck argues that a hearing should have still been held, regardless of his current place of incarceration because he may be transferred back to Menard at some point in the future. Although it is possible Buck will return to Menard, Defendants indicate that he will likely stay at Pontiac for one year. Buck is not precluded from seeking injunctive relief at the conclusion of trial in this case or filing a new motion for preliminary injunctive relief if he returns to Menard at an earlier date. Additionally, Buck's assertion that the Defendants "filed fraudulent documents" is without merit. Buck's transfer record sheet stated that he was transferred to Pontiac due to medical reasons, and the Defendants later filed a supplemental response (Doc. 46) clarifying that Buck was transferred due to a staff incident, in addition to psychiatric reasons. Finally, Buck states that Defendants served documents to Menard after he had already been transferred to Pontiac. The docket sheet reflects that Buck did not file a notice of change of address until August 1, 2017 (Doc. 59), the same date he filed the instant motion. It is Plaintiff's responsibility to keep a current address on file with the Court.

In sum, Buck has failed to demonstrate that a reasonable person would find any bias or prejudice by the court. His motion for recusal is denied.

**SO ORDERED.**

**DATED:  August 23, 2017.**

*s/Reona J. Daly*
**REONA J. DALY**
**UNITED STATES MAGISTRATE JUDGE**
