# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM BUCK
    Plaintiff,

v.                      No. 3:17-cv-00270-DRH-RJD

DENNIS YOUNG, et al.,
    Defendants.

## ORDER

**HERNDON, District Judge:**

Before the Court is a Report and Recommendation ("Report") (Doc. 54) submitted by Magistrate Judge Reona J. Daly recommending the Court deny plaintiff William Buck's ("Buck") motion for preliminary injunction (Doc. 17). Buck has filed an objection (Doc. 60). Based on the following, the Report is **ADOPTED**.

## II. BACKGROUND

On May 23, 2017, Buck filed a Motion for Preliminary Injunction asserting claims of retaliatory acts made by prison staff ("defendants") at Menard Correctional Center ("Menard")—where he was then incarcerated (Doc. 17). For relief, he requested immediate transfer to an equivalent Illinois Department of Corrections ("IDOC") maximum security prison[1] (*Id.*). In response, defendants argue that Buck's injunction request is moot; this is because his requested relief—transfer to a different IDOC facility—has been achieved, and took place when he

---

[1] Buck requested immediate transfer to either Stateville Correctional Center, Pontiac Correctional Center, or Dixon Correctional Center (Doc. 17 at 3).

was transferred on June 17, 2017 from Menard to Pontiac Correctional Center ("Pontiac") (Doc. 44). On July 25, 2017, Magistrate Judge Daley entered a Report recommending this Court deny Buck's injunction request after determining his claim is moot (Doc. 54). Buck filed an objection to the Report, speculating that—at some point in the future—he would be transferred back to Menard (Doc. 60).

### III. DISCUSSION

The district court conducts de novo review of objections made regarding a magistrate's Report. The Court may accept, reject, or modify the Report, as well as, receive further evidence or refer the matter back to the magistrate with instructions. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3). Moreover, record evidence must be viewed with fresh consideration given to objectionable issues. *See Queen v. W.I.C., Inc.*, 2017 1018399, *2 (S.D. Ill. 2017).

"A preliminary injunction is an extraordinary remedy. It is never awarded as a matter of right." *Whitaker By Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1044 (7th Cir. 2017) (internal citation omitted). In order to determine whether an injunction is warranted, Buck must demonstrate: "(1) that he will suffer irreparable harm absent preliminary injunctive relief during the pendency of this action; (2) inadequate remedies at law exist; and (3) he has a reasonable likelihood of success on the merits." *Id.*

In this case, Buck cannot establish any of the threshold requirements. In fact, when Buck was transferred to Pontiac, his request for preliminary injunction was rendered moot. *See Pearson v. Welborn*, 471 F.3d 732, 743 (7th Cir. 2006) (holding once prisoner was transferred from correctional facility, his prayers for

relief are moot); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (explaining when prisoner is transferred to other prison, request for injunction against first prison is moot unless prisoner demonstrates likelihood of retransfer). Buck's suggestion that he will be transferred from Pontiac back to Menard is merely rank speculation and is not relevant. *See Higgason*, 83 F.3d at 811 (explaining it was proper for district court to dismiss claim for injunctive relief where plaintiff's allegation of retransfer did not amount to showing or demonstration of likelihood of retransfer; nothing in record supported plaintiff's estimate of certainty).

### III. CONCLUSION

In the future, if Buck is transferred back to Menard, he will have to start the process over with a new medical request; and if necessary, a new grievance. Based on the foregoing, the Court **ADOPTS** the Report (Doc. 54). Plaintiff's Motion for Preliminary Injunction (Doc. 17) is **DENIED**.

**IT IS SO ORDERED**.

Signed this 24th day of August, 2017.

Digitally signed by
Judge David R. Herndon
Date: 2017.08.24
14:15:34 -05'00'

**UNITED STATES DISTRICT JUDGE**