IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM BUCK,

    **Plaintiff,**

v.                                               No. 17-CV-270-DRH-RJD

DENNIS YOUNG, et al.,

    **Defendants.**

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

## INTRODUCTION & BACKGROUND

This matter comes before the Court on the Report and Recommendation ("the Report") issued by Magistrate Judge Reona J. Daly on February 26, 2018 (doc. 81). The Report recommends that the Court deny the motion for summary judgment filed by defendants Courtney Meyer, Brandy Tripp, Melissa Pappas, and Jacob Weatherford ("defendants") (doc. 71). Defendants have filed no objections to the Report, however plaintiff Buck field a response to the Report seeking clarity on his request for sanctions against defendants (doc. 82). Based on the applicable law, the record, and the following, the Court **ADOPTS** the Report (doc. 81) in its entirety and **DENIES** the motion for summary judgment (doc. 71).

Plaintiff Buck brought this pro se action for deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983. The Court screened Buck's complaint pursuant to 28 U.S.C. § 1915A and five claims were allowed to proceed, two of which are applicable here:

1

>**Count 1** – Defendants Withoff, **Pappas, Meyers, and Weatherford** subjected Plaintiff to unconstitutional conditions of confinement while he was on suicide watch between October 27, 2016 and December 12, 2016, in violation of the Eighth Amendment; and
>
>**Count 4** – Eighth Amendment deliberate indifference claim to serious medical needs against Defendants Young, Slavens, Callais, Pam, **Tripp,** Jill, and **Meyers** for refusing to treat and/or inadequately treating Plaintiff's injuries related to the excessive force incidents [occurring on or about November 20, 2016 and November 21, 2016].

Thereafter, on August 31, 2017, defendants filed the pending motion for summary judgment (doc. 71) in which they argue for the dismissal of plaintiff's claims against them due to plaintiff's alleged failure to exhaust his administrative remedies as is required under the Prison Litigation Reform Act, 42 U.S.C. § 1997(e). Specifically, defendants argue that plaintiff didn't exhaust all administrative channels per his emergency grievances filed on December 9, 2016 (doc. 72-2) and December 11, 2016 (doc. 72-2). Thus, plaintiff's suit against them is premature. *See Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) ("[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed[.]").

In response, plaintiff argues that he did exhaust all his administrative remedies prior to filing suit (doc. 78). Per *Thornton v. Snyder*, 428 F.3d 690 (7th Cir. 2005), plaintiff submits that because he received the relief he was seeking in his emergency grievances, there were no issues left to appeal to the Administrative Review Board, as defendants suggest. *Id*. at 3. Additionally, in his response to the summary judgment motion, plaintiff sought sanctions in the amount of $150 and "whatever else the court deems appropriate" for defendants filing a "meritless

motion." *Id*. Pursuant to 28 U.S.C. § 636(b)(1)(B), Judge Daly submitted the Report on February 26, 2018 (doc. 81). The Report recommends the Court deny defendants' motion for summary judgment as plaintiff did exhaust his administrative remedies as to the December 9 and December 11, 2016 grievances. *Id*. at 7. The Report does not address the request for sanctions. The Report was sent to the parties with a notice informing them of their rights to appeal by way of filing "objections" within 14 days of service of the Report. Plaintiff timely filed an objection on March 3, 2018 (doc. 82) seeking a "definite ruling on his request for sanctions." *Id*. at 1.

## **ANALYSIS**

The Court's review of the Report is governed by 28 U.S.C. § 636(b)(1)(C), which provides in part:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

*Id*.

Fed. R. Civ. P. 72(b) also directs that the Court must only make a *de novo* determination of those portions of the report and recommendation to which specific written objection has been made. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). If no objection or only a partial objection is made, the Court reviews those unobjected portions for clear error. *Id*. In addition, failure to file objections with the district court "waives appellate review of both factual

3

and legal questions." *Id*. Under the clear error standard, the Court can only overturn a Magistrate Judge's ruling if the Court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

Here, no objections were filed by either party. The objection regarding the request for sanctions filed by plaintiff addresses a matter not part of the Report and thus will be reviewed for clear error. In his objection, plaintiff states he desires a ruling on his request for sanctions in that defendants filed a frivolous motion discussing individuals not named as parties to the case: Dr. Shah and Wexford. Doc. 78 at 3. Specifically, plaintiff's sanction request in his response to the motion for summary judgment noted:

> It is very important to note in their motion Defendants never claim Plaintiff didn't exhaust as to the actual [sic] named defendants, just to Dr. Shah and Wexford.

*Id*.

As the Report makes clear in footnote 1, it is obvious defendants make an error, albeit a confusing one, in misnaming parties in this case. Doc. 81, fn. 1 ("As Plaintiff explains, neither Dr. Shah nor Wexford are defendants in this lawsuit. The Court finds that although any reference to Dr. Shah or Wexford is confusing (and may evidence some haste in the filing of the motion), it does not bear on the issue before the Court[.]". A review of the memo in support of the motion for summary judgment demonstrates that Dr. Shah and Wexford are erroneously named twice, alongside the properly named defendants in the case.

*See* doc. 72, pgs. 1; 6.  It is clear that defendants did not purposefully file a motion making arguments for improperly named parties or make purposeful "false declarations" as plaintiff claims.  *See* doc. 82 at 1.  It is also clear that Judge Daly did not excuse defendants' "falsehood" in the Report, rather acknowledged a simple mistake.  *Id*.  At worst, defendants committed a sloppy error.  Accordingly, Judge Daly acted within her discretion to refrain from imposing sanctions on defendants and thus her decision is not clearly erroneous, if not to plaintiff's liking.

As to the substantive merits of the Report, the Court agrees with Magistrate Judge Daly's analysis in the Report and finds that defendants are not entitled to summary judgment.  The Court finds that Magistrate Judge Daly's February 26, 2018 Report is well written and clearly sets out the reasoning for denying defendants' motion in that plaintiff did exhaust his administrative remedies prior to filing suit pursuant to 42 U.S.C. § 1997(e).  Therefore, the Court **ADOPTS the Report** in its entirety (doc. 81) and **DENIES** defendants' motion for summary judgment (doc. 71).

**IT IS SO ORDERED.**

Judge Herndon
2018.03.16
13:59:24 -05'00'

United States District Judge