IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**WILLIAM BUCK, #R-21689,**

**Plaintiff,**

**v.**                                                      No. 17-270-DRH-RJD

**DENNIS YOUNG, et al.,**

**Defendants.**

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Pending before the Court is plaintiff's appeal of Magistrate Judge Daly's Orders denying two motions to compel (docs. 90; 101). Specifically, plaintiff appeals two June 20, 2018 Orders issued by Judge Daly which deny his requests to have the Court compel defendants to respond to certain discovery requests, including requests for admission, requests to produce, and interrogatories. (Docs.; 103; 104). Plaintiff argues that all he "wants is fairness and he is entitled to meaningful discovery according to Fed. R. C. Proc. #26, #33, #34, and #36. Without it he is severly [sic] prejudiced[.]" Doc. 105 at 2. Plaintiff further argues that the defendants are depriving him of any meaningful discovery and that Magistrate Judge Daly has a clear "bias and prejudice against plaintiff" due to her granting defendants' motions for extension of time to file discovery responses. *Id*. at 1; *see also*, Orders granting extension requests at docs. 89; 94; 102. Based on

the following, the Court affirms Magistrate Judge Daly's June 20, 2018 Orders and denies plaintiff's appeal.[1]

Local Rule 73.1(a) of the Southern District of Illinois provides:

> (a) Appeal of Non-Dispostive Matters – 28 U.S.C. § 636(b)(1)(A)
>
> Any party may appeal a Magistrate Judge's order determining a motion or matter within **14 days** after issuance of a Magistrate Judge's order, unless a different time is prescribed by the Magistrate Judge or a District Judge. The party shall file with the Clerk of the Court and serve on all parties a written request for an appeal which shall specifically designate the order or part of the order that the parties wish the Court to reconsider. A District Judge shall reconsider the matter and shall set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to the law. A District Judge may also reconsider sua sponte any matter determined by a Magistrate Judge under this rule.

Also, under Federal Rule of Civil Procedure 72(a), the Court may modify or reverse a magistrate judge on a non-dispostive issue upon a showing that the magistrate judge's decision is "clearly erroneous or contrary to the law." Specifically, Federal Rule of Civil Procedure 72(a) provides:

> **Nondispositive Matters.** When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings, and when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to the law.

A finding is clearly erroneous when "the reviewing court on the entire evidence is

---

[1] The Court does not need a response from the other parties to address this review and appeal.

left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Weeks v. Samsung Heavy Industries Co. Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997) ("The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made.").

Here, plaintiff's review and appeal misses the mark. Regarding the Order at docket entry 104, the response date for defendants to respond to plaintiff's discovery requests has not yet passed. Thus, there is nothing to compel the defendants to produce or file. Clearly, there is no finding of Judge Daly's contrary to law in denying the June 19, 2018 motion to compel (doc. 101). Regarding the Order at docket entry 103, the Court also finds no clear error of law. Plaintiff's April 19, 2018 motion to compel (doc. 90) speaks only in general terms, broadly arguing that defendants refuse to comply with the "spirit of discovery." *See id.* at 1. Specifically, plaintiff takes offense with defendants objecting to his discovery requests and states "there wasn't any good faith effort to move discovery forward." *Id.* at 2. Plaintiff additionally alleges that the Court has shown "favoritism" and "bias" in favor of defendants. *Id.* at 1. Plaintiff has not demonstrated through his motion any prejudice against him via defendant's discovery responses and/or the Court's granting of defendant's motions for extension of time to serve discovery requests. As Judge Daly stated

in her Order, plaintiff must write with particularity each of defendants' responses he objects to and why he believes the response circumvents the purpose of discovery. An overarching accusation that the discovery process is not proceeding accordingly will not do.

Judge Daly's Orders denying plaintiff's motions to compel are to the point and clearly set out the reasoning for her rulings. The Court finds that plaintiff has not established that Magistrate Daly's Orders were clearly erroneous or contrary to the law. There is no reason for this Court to vacate Judge Daly's Orders.

Accordingly, the Court **AFFIRMS** Magistrate Judge Daly's June 20, 2018 Orders (docs. 103; 104) and **DENIES** plaintiff's appeal of Magistrate Judge Daly's Orders (doc. 105).

**IT IS SO ORDERED.**

Judge Herndon
2018.07.03 12:49:41
-05'00'

**United States District Judge**