IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WILLIAM BUCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:17-cv-270-DRH-RJD |
| | ) | |
| DENNIS YOUNG, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff William Buck filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard"). Plaintiff alleges that he was subjected to unconstitutional conditions of confinement while he was on suicide watch. Plaintiff also alleges he was the victim of excessive force on two occasions during his suicide watch and was denied appropriate medical care with respect to injuries stemming from the excessive force incidents. Following the Court's threshold review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, he is proceeding on the following claims:

Count One: Defendants Witthoft, Pappas, Meyers, and Weatherford subjected Plaintiff to unconstitutional conditions of confinement while he was on suicide watch between October 27, 2016 and December 12, 2016, in violation of the Eighth Amendment.

Count Two: Eighth Amendment claim against Slavens and Callais for using excessive force against Plaintiff on or about November 20, 2016.

Count Three: Eighth Amendment claim against Young for using excessive force against Plaintiff on or about November 21, 2016.

Count Four: Eighth Amendment deliberate indifference claim to serious medical needs against Defendants Young, Slavens, Callais, Hanna, Tripp, Crane, and Meyers for refusing to treat and/or inadequately treating Plaintiff's injuries

related to the excessive force incidents.

Count Five: Eighth Amendment deliberate indifference claim against Defendant Walls for instituting policies that led to inadequate and delayed medical care.

Now before the Court are two motions to compel filed by Plaintiff (Docs. 119 and 121). The Court has considered Plaintiff's motions, and Defendants responses thereto (Docs. 122 and 123) and finds as follows.

1. **Plaintiff's Motion to Compel Defendants Tripps, Pappas, Weatherford, and Meyers (Doc. 119) and Supplement thereto (Doc. 124)**

In this motion to compel, Plaintiff complains about Defendants' responses to his interrogatories. In particular, Plaintiff complains that Defendant Weatherford failed to adequately respond to interrogatories 1, 2, 4, 8, and 10. Plaintiff contends he is entitled to the information he seeks in these interrogatories and that Defendant should provide specific answers. In response to these requests, Defendant Weatherford objected, and without waiving the same, referred Plaintiff to his IDOC medical records (that amount to approximately 1,400 pages) for documentation concerning all encounters with Defendant. Defendant Weatherford stands on his objections and maintains that Plaintiff's requests are, essentially, asking Defendant to transcribe his entries that are already in Plaintiff's medical records, which is outside the scope of the Federal Rules. The Court agrees, pursuant to Federal Rule of Civil Procedure 33(d), it is appropriate for Defendant to answer an interrogatory by referring to a business record if, as is the case here, the burden of deriving or ascertaining the answer will be substantially the same for either party. Plaintiff further complains about Defendant Weatherford's response to interrogatory 5, arguing Defendant's response was incomplete as he did not provide an answer regarding shower and out of cell time. Defendant asserts that he provided a complete response, answering in the affirmative that the orders were within his scope of practice, and his decision regarding whether to enter those orders

was based on his professional judgment as to Plaintiff's behavior and risk of self-harm. The Court has reviewed Plaintiff's interrogatory and Defendant's response thereto and finds it to be sufficient. For these reasons, the Court **DENIES** Plaintiff's motion to compel supplemental responses to Defendant Weatherford's interrogatories 1, 2, 4, 5, 8, and 10

Plaintiff also complains about Defendant Pappas' responses to interrogatories 1, 2, 3, 4, 6, and 11, asserting again that Defendant's reliance on the records that have been produced is improper and that he is entitled to have the Defendant answer with specificity. The Court again finds that invocation of Rule 33(d) is appropriate in this instance and the Court declines to order Defendant Pappas to provide any supplementary responses. Plaintiff also complains about Defendant Pappas' responses to interrogatories 7, 9, and 10. The Court has reviewed the requests and responses thereto and finds Defendant's objections and responses to be adequate. Accordingly, the Court **DENIES** Plaintiff's motion to compel Defendant Pappas to provide supplemental responses to interrogatories 1, 2, 3, 4, 6, 7, 9, 10, and 11.

Plaintiff asks the Court to compel Defendant Tripp to supplement her response to interrogatory 5, asserting her response is vague and evasive. The Court sustains Defendant's objections to this interrogatory and again notes that it is proper for Defendant to invoke Rule 33(d) in her response. Plaintiff's motion is therefore **DENIED**.

Plaintiff asks the Court to compel Defendant Meyer to supplement her responses to interrogatories 1, 2, 4, 5, 9, and 14. Plaintiff again complains that Defendant references 1,400 pages of medical records in response to his requests. The Court finds that Defendant's responses are appropriate in light of Rule 33(d) and **DENIES** Plaintiff's motion to compel.

With regard to Defendants' responses to Plaintiff's requests to produce, Plaintiff complains that Defendants Tripp, Weatherford, Pappas, and Meyers all provided identical responses.

Although the substance of their responses is the same, Defendants correctly assert that they each produced verification of their professional licensure available on the Illinois Department of Financial and Professional Regulation website. Defendants also explain that they have produced all documents available to them and will supplement said production should additional documents become available. The Court also notes that whether Defendants provided substantively similar or identical responses is not, in and of itself, a basis for a motion to compel.

Plaintiff also complains about the substance of Defendants' responses to his requests to produce numbers 1-5. The Court has reviewed Defendants' objections and responses and finds that they are adequate and appropriate. Accordingly, the Court **DENIES** Plaintiff's request to compel any supplementation of the same.

2. **Motion to Compel Defendants Callais, Lashbrook, Slavens, Walls, Witthoft, Young, Crane, and Hanna (Doc. 121) and Supplement thereto (Doc. 125)**

Plaintiff notes that the IDOC Defendants provided the same responses to his requests to produce documents, and takes issue with their responses to requests 1, 2, 3, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, and 18. With regard to request 1, in which Plaintiff seeks a copy of the mental health policy for employees at it pertains to inmates on suicide watch at Menard, the Court sustains Defendants' objection as said policy is not relevant to the claims in this lawsuit. The issues in this lawsuit relate to the conditions of Plaintiff's confinement while he was on suicide watch, excessive force, and medical treatment for injuries sustained by the alleged use of excessive force. Plaintiff's motion to compel any further response to this request is therefore **DENIED**.

In request 2, wherein Plaintiff seeks all witness names and witness statements, Defendants referred Plaintiff to their initial disclosures. Plaintiff complains that he never received Defendants' initial disclosures. In response to Plaintiff's motion to compel, Defendants assert

that their initial disclosures were re-sent on August 21, 2018, but admit it is not clear when or if they were sent prior to that date. In any event, as of the date of this Order, Defendants have provided Plaintiff with their initial disclosures that should identify any witnesses per his request to produce. Accordingly, the Court **DENIES** Plaintiff's request to compel any further response.

The Court's finding with respect to request 2 is equally applied to Plaintiff's motion to compel as to request 3 and the same is **DENIED**.

In request 6, Plaintiff seeks a copy of the administrative directives for IDOC staff and officers. The Court sustains Defendants' objection to this request as irrelevant, overly broad, and not proportional to the needs of this case. Not every administrative directive is relevant, or even at all related, to Plaintiff's claims in this lawsuit. Plaintiff's motion to compel any additional response to this request is therefore **DENIED**.

In request 7, Plaintiff seeks all documents Defendants intend to use at any hearing or trial. Defendants directed Plaintiff to their initial disclosures. As set forth above, Defendants have re-sent Plaintiff their initial disclosures and, based on this representation, Plaintiff's motion to compel any additional response is **DENIED**. This ruling is applied to the issue presented with request 8.

In request 9 Plaintiff seeks all maintenance reports on the cameras located on 8 gallery North 2. Defendants objected to this request, asserting the documents sought are irrelevant to Plaintiff's claims, not limited in time, not proportional to the needs of this case. The Court sustains Defendants' objections and **DENIES** Plaintiff's request to compel any additional response to this request.

In request 10, Plaintiff seeks a copy of the grievances from inmates due to the sick call policy and the responses thereto. Defendants objected to this request as irrelevant and not proportional to the needs of the case. Defendants also object noting privacy issues of other

inmates and the undue burden it would place on them as it is not limited in time. Plaintiff asserts that he is entitled to this information and explains that he is not seeking other inmates' specific complaints, just the spreadsheet logging any such complaints. The Court sustains Defendants' objections to this grievance as it is not apparent that the request is relevant to the claims pending in this lawsuit and, moreover, it is clear that the request is not proportional to the needs of this case. Plaintiff's motion to compel any further response to this request is **DENIED**.

In request 11, Plaintiff seeks the contract between the IDOC and Wexford. The Court sustains Defendants' objection to this request and **DENIES** Plaintiff's motion to compel the same.

Plaintiff seeks a copy of records for any and all training correctional officers have as it relates to their job in request 12. Defendants' objections to this request are sustained as it is clearly overly broad and it is not clear how all training records are relevant to this claims in this lawsuit. Plaintiff's motion to compel any supplemental response is therefore **DENIED**.

In request 13, Plaintiff seeks a copy of the union or work contract the defendants have with the IDOC to work in Menard. Defendants' objections to this request are sustained as it is not clear how any such contracts are relevant to the claims in this lawsuit. Plaintiff's motion to compel the same is therefore **DENIED**.

Plaintiff seeks a copy of any and all licenses the nurses and mental health professional have, including their training, schooling, etc. in his request to produce number 14. The Court sustains Defendants' objection to this request as it is clearly overly broad and not properly limited in scope. Plaintiff's motion to compel any further response to this request is **DENIED**.

In his request 15, Plaintiff again seeks a copy of the contract defendants have with Wexford to work in Menard. The Court sustains Defendants' objection and **DENIES** Plaintiff's request to compel any further response.

In his request 16, Plaintiff seeks a copy of the inmate roster or offender 360 for certain cells on certain dates. Defendants referred Plaintiff to eleven pages of documents. Plaintiff asserts it is unclear if he received any of the documents related to his request. Defendants' response appears appropriate unless Plaintiff can provide the Court with the documents referenced by Defendants to establish that the documents are not responsive to his request. Plaintiff's motion to compel any further response is **DENIED**.

In request 17, Plaintiff seeks names of the inmate gallery workers for North 2, 5 and 2 galleries during November and December 2016 and healthcare workers from October to November 2016. The Court sustains Defendants' objection as this request is overly broad, seeks information not relevant to Plaintiff's claims, and is not proportional to the needs of this case. Plaintiff's motion to compel any further response is **DENIED**.

In request 18, Plaintiff seeks any and all discoverable material the defendants intend to use during any hearing or trial. Based on the reissuance of Defendants' initial disclosures to Plaintiff, the Court finds Defendants' response to be adequate and **DENIES** Plaintiff's motion to compel any further response.

Plaintiff seeks to compel supplemental responses from Defendant Hanna for his interrogatory requests 1, 5, 7, 8, and 9. Plaintiff's motion to compel the name of the lieutenant mentioned in response to requests 1 and 5 is **GRANTED**. Defendant Hanna shall provide Plaintiff with a supplemental response to these requests identifying the name of the lieutenant who is mentioned by **December 14, 2018**. With regard to Plaintiff's requests 7, 8, and 9, the Court finds Defendant Hanna's responses and objections to be adequate and **DENIES** Plaintiff's request to compel any additional response.

Plaintiff seeks to compel supplemental responses from Defendant Walls to his

interrogatory requests 3, 4, 5 and 9. The Court has reviewed Plaintiff's requests and Defendant's responses and objections thereto and finds them to be sufficient. Accordingly, Plaintiff's motion to compel any further response to his interrogatories directed at Defendant Walls is **DENIED**.

Plaintiff seeks to compel a supplemental response from Defendant Witthoft to his seventh interrogatory, which asks Defendant what IDOC policy instructs staff to do if an inmate or staff violates any rule or policy. The Court sustains Defendant's objections to this interrogatory as there is no apparent relevance to the claims in this lawsuit and it is clearly overbroad. Plaintiff's motion to compel any additional response to this request is **DENIED**.

Plaintiff's request to compel a supplemental response from Defendant Young as to interrogatories 12 and 13 is **DENIED**. The Court finds Defendants' responses and objections are adequate.

Plaintiff's request to compel a supplemental response from Defendant Young as to request to admit 10 is **DENIED**.

**IT IS SO ORDERED.**

**DATED: December 3, 2018**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**