IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM BUCK,
#R21689,

       Plaintiff,

v.

DENNIS YOUNG, *et al.*,

       Defendants.

Case No. 17-cv-00270-SPM

# PROTECTIVE ORDER

**MCGLYNN, District Judge:**

    As the Court has determined that a protective order is necessary and appropriate pursuant to the terms of Rule 26(c) of the Federal Rules of Civil Procure (Doc. 239), **IT IS HEREBY ORDERED:**

    1.    All records and written material provided within the Administrative Directives and Institutional Directives provided by the Illinois Department of Corrections concerning use of force and the related attachments shall be designated "CONFIDENTIAL MATERIAL- ATTORNEY EYES ONLY." Documents shall state "CONFIDENTIAL MATERIAL – ATTORNEY EYES ONLY."

    2.    All records, photographs, and/or video footage provided and/or created to be produced to Plaintiff's counsel in this cause of action depicting cells, cell doors, and/or cell house galleries, shall be designated "Confidential Material." Documents shall state "CONFIDENTIAL MATERIAL."

    3.    Confidential Materials may be provisionally redacted to prevent disclosure of information based on security concerns. Redacted information may be subject to disclosure to the extent the information is relevant to this matter or is needed to determine the identity of witnesses.

Plaintiff's counsel does not waive the right to file objections with the Court to compel the removal of redactions. Any Confidential Material provided in an un-redacted form shall still be subject to the protections outlined in this order and will retain the status of Confidential Material.

4. Confidential Materials and/or material designated "Confidential Material- Attorney Eyes Only" shall be disclosed or made available only to the following persons: (a) the parties and counsel of record or other licensed attorneys participating in the litigation; (b) personnel who are specifically assisting in this litigation; and (c) outside consultants or experts specifically retained by counsel to perform investigative work, advise counsel or otherwise assist in this litigation, provided that such individuals are not current or former inmates of the Department. The photographs and/or video footage designated "Confidential Material" may be disclosed to Plaintiff; however, Plaintiff may not possess or obtain a copy of the Confidential Materials, redacted or otherwise. Materials designated "Confidential Material – Attorney Eyes Only" may not be disclosed to Plaintiff and Plaintiff may not possess or obtain a copy of such.

5. If information designated as "Confidential" or "Attorney Eyes Only" is used in a deposition, the court reporter shall be instructed that, pursuant to this Protective Order, those portions of the deposition transcript relating to such information, and documents containing such information that are made exhibits thereto, shall not be disclosed to any persons other than those persons afforded access to "Confidential" or "Attorney Eyes Only" information in accordance with paragraph 4 hereof, unless otherwise agreed to by the producing party. Portions of transcripts may be designated at the time the testimony is adduced or within ten (10) business days of the counsel's receipt of the transcript. In addition to the court reporter, only those persons afforded access under paragraph 5 hereof may be present at any examination during the time any "Confidential" or "Attorney Eyes Only" information or document is being disclosed or discussed.

6. Persons designated in paragraph 4 shall not use, disclose or disseminate any

Confidential Material other than for purposes directly related to this litigation and shall not disclose or disseminate Confidential Material to any other person, except with prior written permission of the Illinois Department of Corrections or by order of the Court. Persons to whom Confidential Material is revealed shall be subject to the jurisdiction of the Court for purposes of enforcement or a violation of this Order. Such persons shall be subject to such relief as is deemed appropriate by the Court, including sanctions.

7. A person designated in 4(b) or (c) shall not have access to any Confidential Material until he or she has read a copy of this Order and has indicated in writing that he or she has read a copy of this Order, agrees to be bound by it and to be thereby subject to the Court's jurisdiction. Copies of all such agreements shall be made available to the Department's counsel upon request.

8. In the event any Confidential Material is used in any proceeding herein prior to the trial of this matter, it shall not lose its status through such use and the parties shall take all steps reasonably required to protect such confidentiality.

9. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this Protective Order for such material. Such material may be so designated by the party asserting the confidentiality designation by written notice to the undersigned counsel for the receiving party identifying the document or information as "Confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

10. All Confidential Material shall be kept safely and securely within full custody of counsel or others entitled to access thereto pursuant to this Order. Additional copies of any Confidential Material may be prepared under supervision of counsel and shall be treated as Confidential Material and maintained securely.

11. Maintenance of the confidential status of any such Confidential Material shall be

subject to further order of this Court and nothing herein shall preclude any party from applying to the Court for modification of this Order. The parties reserve the right to make application to the Court upon not less than five days' notice to seek permission to modify the provisions of this Order. Counsel shall first seek to resolve by agreement, and without involvement of the Court, any disputes regarding confidential designations.

12. After the termination of this litigation, including all appeals, all Confidential Material shall be returned to the Illinois Department of Corrections or destroyed. The obligation to treat documents and information designated as "Confidential" in the manner prescribed by this Protective Order shall survive any settlement or adjudication of this action.

**IT IS SO ORDERED.**

**DATED:   August 25, 2021**

_s/Stephen P. McGlynn_
**STEPHEN P. MCGLYNN**
**United States District Judge**