IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM BUCK, #R21689, | |
| Plaintiff, | Case No. 17-cv-00270-SPM |
| v. | |
| DENNIS YOUNG, *et al.*, | |
| Defendants. | |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on pretrial issues, including the motions *in limine* filed by Plaintiff William Buck (Doc. 257), Defendants Meyer, Pappas, Tripp, and Weatherford (Doc. 260), and Callais, Crane, Hanna, Lashbrook, Slavens, Witthoft, and Young (Doc. 263). The Court held a Final Pretrial Conference on February 4, 2022, and addressed the motions. For the reasons stated below and, on the record, the Court now rules as follows.

PLAINTIFF WILLIAM BUCK'S MOTIONS IN LIMINE (DOC. 257)

**Motion *in Limine* 1**: Bar any utterance, questions, or reference to Plaintiff Buck's criminal background and the criminal background of any of his witnesses, including specific charges and sentences.

This motion is **GRANTED in part and DENIED in part.** Defendants may introduce evidence regarding Buck's criminal conviction for murder but evidence will be limited to the parameters prescribed by the Seventh Circuit, which are the crime charged, the date, and the disposition. *See Gora v. Costa,* 971 F. 2d 1325 (7th Cir. 1992) (citing *Campbell v. Greer,* 831 F. 2d 700, 707 (7th Cir. 1987). If Defendants believe specific facts and circumstances of this case warrant the admissibility of additional evidence regarding Buck's conviction, they may ask the Court to reconsider this ruling as appropriate during trial.

The details regarding Buck's proposed witnesses, their intended testimony, and their convictions is unclear. Thus, the Court will **RESERVE RULING** on the motion as it pertains to Buck's proposed witnesses at this time. The parties are directed to advise the Court outside the presence of the jury before attempting to illicit from any witness or admit evidence regarding prior criminal convictions of any witness.

**Motion *in Limine* 2:** Order that evidence that was provided to Plaintiff Buck's previous court-recruited counsel and was sealed/protected be turned over to Buck, including all documents, pictures, video, and other evidence.

The Court will **RESERVE RULING** on the motion. Defendants are **DIRECTED** to email the documents turned over to Buck's previous court-recruited counsel, pursuant to the Protective Order entered on August 25, 2021, to the Court for *in camera review* by **February 11, 2022.** The Court will then make a determination regarding whether the information is relevant to the case and how it may be made accessible to Buck.

**Motion *in Limine* 3:** Allow Plaintiff Buck to question any defense witness about any relevant evidence including conduct of IDOC and that all written evidence be used to impeach the Defendants if they testify.

The motion is **GRANTED**.

**Motion *in Limine* 4:** Bar Defendants from wearing any uniforms during the trial and that Plaintiff Buck be allowed to wear regular clothes and not shackled/handcuffed and that his witnesses not be brought to court in prison uniforms or handcuffs/shackles.

The motion is **GRANTED in part and DENIED in part**. Defendants will not be prohibited from wearing uniforms during trial.

Plaintiff Buck shall be allowed to appear in civilian clothes. The institution where Buck is currently incarcerated, Pontiac Correctional Center, shall provide Buck with appropriate court appearance clothing. Buck shall be brought into the courtroom prior to the entrance of the jury. The Court will **RESERVE RULING** on the shackling of Buck's hands until the day of trial, after consultation with IDOC transport officers, court security officers, and the marshal's service.

As to Buck's witnesses who are incarcerated, the motion is **DENIED.** If any of Buck's

proposed witnesses are incarcerated at the time of trial, they will appear via video conference wearing their normal prison attire. *See Allen v. Wire,* 297 F. App'x 524 (7th Cir. 2008) (citing *Woods v. Thieret,* 5 F. 3d 244 (7th Cir. 1993)).

**Motion *in Limine* 5:** Bar Defendants from testifying as expert witnesses and giving "opinions" on any matter concerning their defenses to the complaint.

The motions is **GRANTED in part and DENIED in part**. Defendants disclosed as "non-retained" experts under Rule 26(a)(2)(C) will be allowed to testify as to their opinions that were formed during the course of their duties or participation in the relevant events of the case. They cannot testify as to opinions developed later or in anticipation of litigation.

### WEXFORD DEFENDANTS' MOTIONS IN LIMINE (DOC. 260)[1]

**Motion *in Limine* 1:** Exclude any evidence of an application for insurance, insurance policy, or statement, evidence, or testimony concerning whether Defendants may have insurance in connection with Plaintiff Buck's claim, or any reference to any coverage dispute or indemnity agreement between any of the parties to this action.

This motion is **GRANTED.**

**Motion *in Limine* 2:** Exclude any medical or mental health treatment provided to other inmates, including but not limited to any grievances field by other inmates alleging inadequate medical care.

This motion is **GRANTED** but may be revisited at trial if needed.

**Motion *in Limine* 3:** Exclude any documents, testimony, or other evidence concerning allegations, investigations, claims, discipline, lawsuits, lawsuit settlements or incidents that may be used as proof of that a defendant engaged in "bad acts," including but not limited to testimony by former patients of defendants or any state medical board.

The Court **RESERVES RULING** on this motion and will address this issue as it comes up at trial.

**Motion *in Limine* 4:** Prohibit Plaintiff Buck from testifying regarding statements that were made to him by non-party medical and mental health providers, including but not limited to parties who have been dismissed from this case.

---

[1] The Wexford Defendants include Defendants Courtney Meyer, Brandy Tripp, Melissa Pappas, and Jacob Weatherford.

The motion is **GRANTED** at this time. However, if Buck offers statements of non-party medical and mental health providers to prove something other than the matter asserted, such as notice, plan, or design, then he will be allowed to offer such evidence.

**Motion *in Limine* 5:** Prohibit Plaintiff Buck and his witnesses, who are not medical or mental health professionals, from offering testimony requiring specialized knowledge, education, or training.

The motion is **GRANTED in part and DENIED in part.** Buck may not testify about subjects that require specialized knowledge. However, he may testify about his own perception of the incident, including his symptoms or suffering he experienced, his understanding as to what he was diagnosed with by a physician, and the medicine he has taken and the effects of that medicine.

The Court **RESERVES RULING** on the motion as it pertains to other witnesses and will address the issue at trial.

**Motion *in Limine* 6:** Prohibit Plaintiff Buck from admitting evidence of medical or other technical literature to the jury.

The motion is **GRANTED.** Based on the parties' testimony during the hearing, the parties have not exchanged or produced medical literature during discovery.

**Motion *in Limine* 7:** Exclude grievances, complaints, affidavits, letters, and other documents demonstrating Plaintiff Buck's intent to comments this action or descriptions of the medical care at issue written by Plaintiff Buck as inadmissible hearsay.

As written, the motion is overly broad. Defendants do not identify the exact piece of evidence to be excluded or the reason for the introduction of such evidence. Therefore, the motion is **DENIED.** The Court will take up each exhibit as it is offered, and Defendants can raise appropriate objections at that time.

**Motion *in Limine* 8:** Exclude evidence of settlement negotiations or any lack thereof in this case or in any other cases or matters.

The motion is **GRANTED.**

**Motion *in Limine* 9:** Bar Plaintiff Buck from offering into evidence a violation of any Illinois Department of Corrections or Menard Correctional Center directives, policies, or protocols, Wexford policies, protocols, or guidelines, as these records

are irrelevant, substantially more prejudicial than probative, and they constitute inadmissible hearsay.

At this time, it is not clear what protocols or policies might be relevant to Buck's treatment. Thus, the Court **RESERVES RULING** on this motion and will address the issue as it comes up at trial.

**Motion *in Limine* 10:** Exclude the *Lippert* and/or *Rasho* expert reports, consent decrees, or any other documents related to opinions or findings regarding prisoner medical care or mental health care in another case.

The motion is **GRANTED.** Plaintiff Buck has not disclosed that he intends to admit these reports as evidence.

**Motion *in Limine* 11:** Exclude any statement, testimony, or argument about Wexford being a for-profit corporation, a "big" corporation or company, "evil" or a "bad" company, or similar descriptors.

The motion is **GRANTED.**

**Motion *in Limine* 12**: Exclude any statement, testimony, or argument about the failure to call any endorsed witnesses.

The Court **RESERVES RULING** on this motion and will address the issue as needed at trial.

**Motion *in Limine* 13:** Exclude any argument that the defendant is responsible for the actions or inactions of another individual. *Respondeat superior* is not a valid claim under Section 1983; therefore, any testimony or implication of supervisory liability should be barred.

The motion is **GRANTED.**

**Motion *in Limine* 14:** Bar any indication, statement, or testimony concerning the size of the law firm of any of the defense counsel or the amount of time or money that may have been expended pursuing or defending this matter.

The motion is **GRANTED.**

**Motion in Limine 15:** Bar any indication, statement, or testimony concerning Plaintiff Buck's lack of hygiene items, noise conditions, and/or light conditions in Plaintiff's cell.

The motion is **GRANTED**. Summary judgment was granted to Defendants Witthoft,

Pappas, Meyer, and Weatherford as to the issues of lack of hygiene items, noise, and light conditions while on suicide watch. (Doc. 200, p. 15). Thus, evidence on these subjects are not relevant. Plaintiff Buck is currently proceeding on an unconstitutional conditions of confinement claim as to the unsanitary conditions of the cell only (Count 1). *See Cambell v. Johnson,* 202 F. App'x 921 (7th Cir. 2006).

**Motion *in Limine* 16:** Bar Plaintiff Buck from offering into evidence any photographs taken of the crisis cells in which Plaintiff was housed.

The Court **RESERVES RULING** on this motion until Defendants have sent the pictures to the Court for in camera review.

### IDOC Defendants' Motions in Limine (Doc. 263)[2]

**Motion *in Limine* 1:** Bar Plaintiff Buck and his witnesses from testifying at trial regarding the causation of any medical or mental health condition.

The motion is **GRANTED in part and DENIED in part.** As mentioned in ruling on Wexford Defendants' motion *in limine* #5, Buck may not testify about subjects that require specialized knowledge or offer a medical diagnosis, but he may testify about his own perception of the incident, which may include his understanding as to what he was diagnosed with by a physician.

**Motion *in Limine* 2:** Plaintiff Buck should be barred from offering testimony or otherwise suggesting that the state of Illinois will indemnify Defendants.

The motion is **GRANTED.**

**Motion *in Limine* 3:** Plaintiff Buck should be barred from offering the inadmissible hearsay statements of any medical or mental health professionals.

The motion is **DENIED** as overly broad.

**Motion *in Limine* 4:** Plaintiff Buck and his witnesses should be barred from testifying at trial regarding whether the defendants followed IDOC policies and procedures.

At this time, it is not clear what protocols or policies might be relevant to Buck's

---

[2] The IDOC Defendants include Dennis Young, Joel Slavens, Ryan Callais, Jerry Witthoft, Jacqueline Lashbrook, Pamela Hanna, and Jillian Crane.

treatment. Thus, the Court **RESERVES RULING** on this motion and will address the issue as it comes up at trial. (*See also* motion *in limine* #9 filed by Wexford Defendants).

**Motion *in Limine* 5:** Plaintiff Buck should be prohibited from offering evidence or testimony of other lawsuits involving the Defendants.

The motion is **GRANTED**. Buck testified at the hearing that he did not have any evidence of other lawsuits he intended on presenting. Buck requested that Defendants be directed to turn over any documents relating to other lawsuits in which Defendants have been parties that would be relevant to his case. The request is **DENIED.** Discovery has closed, and the Court will not reopen discovery this close to trial.

**Motion *in Limine* 6:** Plaintiff Buck should be prohibited from offering evidence or testimony of any misconduct, reprimand, or grievance issued against Defendants.

The motion is **GRANTED in part and DENIED in part**. Generally speaking, grievances written by other inmates are not relevant to Buck's treatment by Defendants and are generally barred by Federal Rule of Evidence 404(b). Likewise, Buck cannot use his own grievances as evidence of their truth. However, grievances or other documents describing Defendants' prior conduct might be admissible if the evidence is offered for a reason other than for the truth of the matter asserted, such as notice. *See Okai v. Verfuth,* 275 F. 3d 606, 610 (7th Cir. 2001). The relevancy and admissibility of such evidence will depend on the circumstances and purposes for which it is offered during trial. Therefore, Buck will be barred from presenting grievances for the purpose of proving the truth of what is being claimed in the grievance, but if Buck has a grievance he wishes to offer as evidence, the Court will take up each exhibit as it is offered. Defendants can raise appropriate objects at that time.

**Motion *in Limine* 7:** Plaintiff Buck should be prohibited from offering evidence or testimony referencing any "golden rule" appeal.

This motion is **GRANTED.** Plaintiff Buck cannot ask the jury to "put itself in [his] position." *See U.S. v. Roman,* 492 F. 3d 803, 805 (7th Cir. 2007) (a "golden rule" appeal to the jury is "universally recognized as improper because it encourages the jury to depart from the

neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence").

## OBJECTIONS TO PRETRIAL DISCLOSURES

Defendants raise objections to Plaintiff Buck's pretrial disclosures. (Doc. 258, 266, 268). The Court finds that Plaintiff Buck's pretrial disclosures do not meet the requirements of Federal Rule of Civil Procedure 26.

In his pretrial disclosures, Plaintiff Buck discloses inmates Kato Ware, Anthony White, Gay, Dennis Rush, and himself as experts "regarding their experience of being incarcerated in the Illinois Dept. of Corrections." (Doc. 258). Discovery closed in this case on November 2, 2018. (Doc. 115).[3] After ruling on the motions for summary judgment, the Court recruited Buck counsel and reopened discovery for the limited purpose of taking depositions and inspecting and photographing Buck's cell at Menard Correctional Center. (Doc. 237). The new Scheduling Order also gave additional time to disclose expert testimony. (*Id.*). Buck had until October 15, 2021, disclose such witnesses. (*Id.*). Buck's court recruited counsel was allowed to withdraw on October 26, 2021. (Doc. 246). At no time during regular discovery or when discovery was reopened did Buck or his recruited counsel disclose any witnesses as experts. Buck also never filed a motion requesting to amend the Scheduling Order so that he may engage in additional discovery and disclose experts at a later date. Finally, he has not offered any compelling reason or justification for the delay in disclosure.

As Buck has not timely or properly disclosed any witnesses as experts under Federal Rule 26(a)(2), none of his witnesses, including himself, can testify as such. *See Finley v. Marathon Oil Co.,* 75 F. 3d 1225, 1230 (7th Cir. 1996) (citing FED. R. CIV. P. 37(a)).

Buck may testify as a fact witness, and he may also call other fact witnesses. However, his witness list is incomplete, only some of the witnesses are identified by first and last name, and it

---

[3] The discovery deadline was extended to December 3, 2018, as to Defendant Crane only. (Doc. 144).

appears that Buck is not clear on the procedures for calling witnesses. Furthermore, he stated at the hearing that he has been unable to communicate with potential witnesses who are currently incarcerated or on some form of supervised release. Thus, at the hearing Buck was given five days to submit a complete list of his witnesses. On February 8, 2022, Buck filed the following list of witnesses Kato Ware, Anthony White, Dennis Rush, Willie Booker, Dr. Diana Tracy, and Anthony Gay. (Doc. 277).

Now that Buck has provided a complete list of fact witnesses, Defendants may file the appropriate objections to these witnesses by **February 15, 2022**.

Buck is advised that for the witnesses who are not incarcerated, Anthony Gay and Dr. Diana Tracy, he is responsible for requesting subpoenas from the Court and paying the witness fees. *See McNeil v. Lowney,* 831 F. 2d 1368, 1373 (7th Cir. 1987); *Armstead v. MacMillan,* 58 F. App'x 210, 213 (7th Cir. 2003); 28 U.S.C. § 1821(b). The witness fee for each witness is $40.00 per day, and witnesses are also paid mileage of $.585 per mile. *See* 28 U.S.C. § 1821(b). If requested, the Court will not issue subpoenas until the witness fees are produced by Buck.

These fees do not apply to inmate witnesses, whose appearance will be secured by the Court, provided they can be identified and located within the penal system, and the Court finds their testimony relevant. *See* 28 U.S.C. § 1821(f).

The Court also finds that Buck's disclosure of "all affidavits, documents, and other evidence part of the record" as documents he expects to offer does not meet the requirements of Federal Rule 26(3)(A)(iii). Buck will be given another opportunity to provide a more detailed exhibit list. By **February 18, 2022,** Buck is to file with the Court a list that identifies *each* document or other exhibits and evidence he expects to offer at trial. Buck is **WARNED** that failure to identifying the documents, exhibits, or other evidence he plans to present will result in exclusion at trial. FED. R. CIV. P. 37(c).

**FINAL PRETRIAL ORDER**

Pursuant to the Court's Order (Doc. 254), the Defendants jointly submitted a proposed final pretrial order. They notified the Court that they held a videoconference with Plaintiff Buck on February 1, 2022, for over an hour, and he objected to the entire proposed final pretrial order document and refused to review the document.

At the hearing, Buck testified that he did not agree to the proposed final pretrial order submitted by Defendants because he was unable to review the document prior to the videoconference. He also did not receive prior notice of the videoconference and did not know what was happening when called to the meeting. Buck asked Defendants for time to read the document. He stated he does not agree with a lot of things in Defendants' proposed final pretrial order.

Buck has not filed a motion with the Court articulating what aspects of the proposed final pretrial order to which he objects. At this point the Court **ADOPTS** the proposed final pretrial order as submitted by Defendants. Buck may file a motion to amend the Final Pretrial Order by **February 18, 2022,** specifying additions or changes he would like made to the Final Pretrial Order, including the addition of his witnesses and exhibit lists. Failure to do so may result in future adverse rulings at trial.

**MOTION FOR JUDGMENT ON THE PLEADINGS**

The motion for judgment on the pleadings remains pending filed by Defendant Lashbrook. (Doc. 271). Plaintiff Buck has until **February 18, 2022**, to file a response.

**DISPOSITION**

The Court **GRANTS in part, DENIES in part, and RESERVES RULING** on the motions *in limine* in accordance with this Order (Doc. 257, 260, 263).

Defendants are **DIRECTED** to email the Court the documents turned over to Buck's previous court-recruited counsel, pursuant to the Protective Order entered on August 25, 2021, for

in camera review by **February 11, 2022.**

Defendants have until **February 15, 2022,** to file objections to Plaintiff Buck's supplemental disclosures filed on February 8, 2022. (Doc. 277).

The proposed final pretrial order as submitted jointly by Defendants is **ADOPTED.** Plaintiff Buck has until **February 18, 2022,** to file a motion to amend the Final Pretrial Order.

Plaintiff Buck shall have until **February 18, 2022**, to provide the Court a detailed list of documents, exhibits, or other evidence he intends to produce at trial.

Plaintiff Buck shall have until **February 18, 2022,** to file a response to the pending motion for judgment on the pleadings filed by Defendant Lashbrook. (Doc. 271).

**IT IS SO ORDERED.**

**DATED:   February 8, 2022**

                                                            _s/Stephen P. McGlynn_
                                                          **STEPHEN P. MCGLYNN**
                                                          **United States District Judge**