IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM BUCK, #R21689, | |
| Plaintiff, | Case No. 17-cv-00270-SPM |
| v. | |
| DENNIS YOUNG, *et al.*, | |
| Defendants. | |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on the motion for judgment on the pleadings filed by Defendant Jacqueline Lashbrook, the warden at Menard Correctional Center ("Menard"). (Doc. 271). Plaintiff Buck, who is proceeding *pro se*, filed a response to the motion on February 18, 2022. (Doc. 292). For the following reasons, the motion for judgment on the pleadings is granted.

This case is set for trial February 22, 2022. In addition to Counts 1-4, Buck is proceeding to trial on a claim for injunctive relief against Warden Lashbrook in her official capacity. (*See* Doc. 200, p. 20-22). Buck seeks medical treatment, including an MRI, for the injuries sustained from the alleged incidents of excessive force that took place while he was housed on suicide watch at Menard in 2016. (Counts 2-4).

Defendant Lashbrook argues that even if the allegations in the Complaint are taken as true, Buck is not able to state a claim upon which relief can be granted relative to his request for injunctive relief against Warden Lashbrook. Buck is no longer housed at Menard and is currently incarcerated at Pontiac Correctional Center ("Pontiac"). (Doc. 58, 59). Lashbrook asserts that because Buck has been transferred from Menard, with no indication of returning there, the request

for injunctive relief is now moot. In the motion, it is also stated that the current warden of Menard is now Anthony Wills. Thus, pursuant to Federal Rule of Civil Procedure 25(d), Anthony Wills is automatically substituted for Warden Lashbrook, who has retired from the Illinois Department of Corrections. (*See* Doc. 271).

In response, Buck filed a motion to substitute. (Doc. 292). He states that he is responding to Defendant Lashbrook's motion for judgment on the pleadings and asks that the warden of Pontiac, where he currently resides, be substituted for Warden Lashbrook pursuant to Rule 25(d).

Federal Rule of Civil Procedure 12(c) permits a motion for judgment on the pleadings "after the pleadings are closed – but early enough not to delay trial...." FED. R. CIV. P. 12(c). A motion for judgment on the pleadings under Rule 12(c) is governed by the same standards as motion to dismiss for failure to state a claim filed pursuant to Rule 12(b)(6). *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014). That is, the facts are viewed in the light most favorable to the nonmoving party, and the motion will be granted "only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (quoting *N. Ind. Gun and Outdoor Shows, Inc. v. City of South Bend,* 163 F. 3d 449, 452 (7th Cir. 1998)). The moving party must demonstrate that there are no material issues of fact to be resolved. *Moss v. Martin,* 473 F.3d 694, 698 (7th Cir. 2007). In ruling on a Rule 12(c) motion, however, the Court not only considers the complaint, but also other pleadings such as "the answer, and any written instruments attached as exhibits." *Hous. Auth. Risk Retention Group, Inc. v. Chi. Hous. Auth.*, 378 F.3d 596, 600 (7th Cir. 2004) (citations omitted). The Court may also take notice of matters of public record. *U.S. v. Wood,* 925 F. 2d 1580, 1582 (7th Cir. 1991).

The Court finds that Buck is no longer entitled to injunctive relief in this case.[1] It is well established that once a prisoner is transferred "his request for injunctive relief against officials of the first prison is moot unless 'he can demonstrate that he is likely to be retransferred.'" *Manges v. Harman,* 2012 WL 3044261, at *2 (N.D. Ind. July 24, 2012) (citations omitted). *See also Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004). Buck is no longer incarcerated at Menard, and the claims in his Complaint relate solely to events and staff at that correctional facility. (Doc. 59). Additionally, Buck has been incarcerated at Pontiac since August 2017, and he has not presented any argument or evidence that he is likely to return to Menard. *See Jones v. Butler,* 663 F. App'x 468 (7th Cir. 2016) ("[a]llegations of a likely retransfer may not be based on mere speculation" (quoting *Higgason v. Farley,* 83 F. 3d 807, 811 (7th Cir. 1996))); *Maddox v. Love,* 655 F. 3d 709 (7th Cir. 2011) (inmate did not a make a showing of a "realistic possibility" he be retransferred to the prior institution). Without a continuing, present injury or real and immediate threat of repeated injury, Buck's "past exposure to alleged illegal conduct at [Menard] does not constitute a pending case or controversy regarding injunctive relief." *Young v. Dixon,* 922 F. 2d 370, 373 (7th Cir. 1991). Thus, the Court **GRANTS** the motion for judgment on the pleadings and finds Buck's claim for injunctive relief moot. (Doc. 271).

As for Buck's motion to substitute, the motion is **DENIED**. (Doc. 292). Buck cannot substitute the warden at one facility for another because he has now been transferred. Warden Lashbrook was added to this case because Buck sought injunctive relief from staff at Menard, and the warden of that facility is the proper individual for ensuring that such relief is implemented if so ordered by the Court. *See Tolentino v. Baker,* 679 F. App'x 503, 504 (7th Cir. 2017) (citing *Gonzalez v. Feinerman,* 663 F. 3d 311, 315 (7th Cir. 2011). However, as discussed, Buck is no

---

[1] There are no disputes of material fact and so a hearing was not held on the motion for judgment on the pleadings. *See Kujawski v. Solis,* 2009 WL 1033315, at *2 (S.D. Ill. Apr. 17, 2009) (discussing Federal Rule of Civil Procedure 12(i)).

longer housed at Menard, and he cannot seek to direct Defendants, Menard staff, to provide him medical treatment. Federal Rule of Civil Procedure 25(d) provides that when a public officer ceases to hold officer while a civil action is pending, "the officer's successor is automatically substituted as a party." The warden of Pontiac was not Warden Lashbrook's successor and cannot be added as a party at this stage in the lawsuit.

## DISPOSITION

For the reasons set forth above, the current warden of Menard Correctional Center, Anthony Wills, is **SUBSTITUTED** for Warden Lashbrook, pursuant to Federal Rule of Civil Procedure 25(d). The motion for judgment on the pleadings (Doc. 271) filed by Defendant Wills is **GRANTED.** The claim for injunctive relief requesting further medical treatment and an MRI against Warden Wills is **DISMISSED as moot.** Anthony Wills is **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED to TERMINATE** Anthony Wills as a defendant.

The motion for substitution (Doc. 292) filed by Plaintiff Buck is **DENIED.**

**IT IS SO ORDERED.**

**DATED:   February 21, 2022**

                                            *s/Stephen P. McGlynn*
                                            **STEPHEN P. MCGLYNN**
                                            **United States District Judge**