IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM BUCK,
#R21689,

       Plaintiff,

v.

DENNIS YOUNG, *et al.*,

       Defendants.

Case No. 17-cv-00270-SPM

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a motion for new trial filed by pro se Plaintiff William Buck. (Doc. 322). For the following reasons, the motion is denied.

### BACKGROUND

Following summary judgment, Buck was recruited counsel. After several months of further discovery, recruited counsel informed the Court that there was a fundamental disagreement about the actions that should be taken in prosecuting this case between he and Buck. The Court allowed counsel to withdraw, and Buck proceeded to trial representing himself. A jury trial was set for February 22, 2022, on the following claims:

**Count 1:** Defendants Witthoft, Pappas, Meyer and Weatherford subjected Buck to unconstitutional conditions of confinement while he was on suicide watch between October 27, 2016 and December 12, 2016, in violation of the Eighth Amendment. This claim is limited to the unsanitary conditions allegedly present in the cells and excludes issues concerning lights and the provision of hygiene items.

**Count 2:** Eighth Amendment claim against Slavens and Callais for using excessive force against Buck on or about November 20, 2016

**Count 3:** Eighth Amendment claim against Young for using excessive force against Buck on or about November 21, 2016.

> **Count 4:** Eighth Amendment deliberate indifference claim to serious medical needs against Defendants Young, Slavens, Tripp, Hanna, Crane for refusing to treat and/or inadequately treating Buck's injuries related to excessive force incidents.

On the first day of trial, Buck reached a settlement agreement with Defendants Slavens, Callais, Young, Hanna, Crane, and Witthoft ("IDOC Defendants"), and the trial was conducted on Counts 1 and 4 against Defendants Pappas, Meyer, Weatherford, and Tripp ("Wexford Defendants"). (Doc. 307).

On day four of trial, after the close of Buck's case and hearing testimony from Defendants Pappas and Weatherford, the Court heard arguments on the oral motion for judgment as a matter of law made by Defendants Pappas, Meyers, Tripp, and Weatherford pursuant to Federal Rule of Civil Procedure 50(a). The Court granted the motion as to Count 4 against Defendant Tripp and reserved ruling on the motion as to Count 1 against Defendants Meyers, Pappas, and Weatherford. After the close of evidence, Defense Counsel renewed the motion for a directed verdict as to the remaining Defendants. The Court heard arguments from the parties and granted the motion as to Defendants Meyer, Pappas, and Weatherford. No counts were presented to the jury for deliberation.

Buck has filed a motion asking the Court to reconsider the directed verdict issued in favor of Defendants and for a new trial pursuant to Federal Rule of Civil Procedure 59. (Doc. 322). Buck argues that he presented direct and circumstantial evidence demonstrating that Defendants violated his constitutional rights. The Court misapplied the law and should have allowed the jury to determine whether his testimony should be believed. Specifically, as to Defendant Tripp, he argues the Court erred in determining he did not have a serious medical need. Buck claims that due to excessive force, his hand was injured and because of a delay in medical care, his hand healed incorrectly and is now deformed. He states the Court ignored Seventh Circuit precedent in reaching

its conclusion and cites to *Perez v. Fenoglio,* 792 F. 3d 768 (7th Cir. 2015) and *Edwards v. Snyder,* 478 F. 3d 827 (7th Cir. 2007). He further states Tripp acted with deliberate indifference when she failed to alleviate his excruciating pain and properly exam his hand. Buck contends that the jury should have been allowed to determine whether he had made his case.

As to Defendants Weatherford, Meyers, and Pappas, Buck asserts that the evidence showed that they came to his cells multiple times while the cells were filthy with feces, blood, and saliva. Buck argues his own testimony and the testimony of his witness regarding his cell conditions contradicts that of Defendants, who testified that they did not see that his cell was covered in bodily fluids. He states his testimony and other circumstantial evidence presented was enough for a jury to determine that his cell conditions were filthy, and Defendants failed to act in rectifying the conditions.

## ANALYSIS

The Court may "reconsider non-final orders, as justice requires, before entry of judgment." *Bd. of Trustees of Univ. of Ill. v. Micron Tech., Inc.,* 245 F. Supp. 3d 1036, 1044 (C.D. Ill. 2017) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983); *Sims v. EGA Prods., Inc.*, 475 F.3d 865, 870 (7th Cir. 2007)). *See also* FED. R. CIV. P. 54(b). Motions to reconsider whether filed pursuant to Rule 54(b) or Rule 59(e) are judged largely by the same standard. Under either rule, the purpose is to correct manifest errors of law or fact or to present newly discovered evidence. *Certain Underwriters at Lloyds v. CSX Transp. Inc.,* 20-cv-0795-SPM, 2022 WL 1525243, at *2 (S.D. Ill. Apr. 18, 2022). However, appropriate issues for reconsideration "rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990).

Further, Federal Rule of Civil Procedure 59(a) provides that "[t]he court may, on motion, grant a new trial on all or some of the issues—and to any party—... after a jury trial, for any reason

for which a new trial has heretofore been granted in an action at law in federal court[.]" FED. R. CIV. P. 59(a). A new trial should be granted "if the verdict is against the weight of the evidence, the damages are excessive, or if for other reasons the trial was not fair to the moving party." *Emmel v. Coca-Cola Bottling Co. of Chi.,* 95 F. 3d 627, 636 (7th Cir. 1996) (omitting citations). It should be noted that "civil litigants are entitled to a fair trial, not a perfect one, and . . . a new trial will not be ordered unless there was an error that caused some prejudice to the substantial rights of the parties." *Lemons v. Skidmore*, 985 F.2d 354, 357 (7th Cir. 1993).

Buck has not demonstrated that the Court made an error of law in granting judgment as a matter of law or that a new trial is warranted in this case. As for Count 4 against Defendant Tripp, the cases Buck cites to in support of his contention that he had a serious medical condition regarding his hand injury do not apply here. In *Perez* and *Edwards,* the issue before the Seventh Circuit was whether the plaintiffs had sufficiently *pled* Eighth Amendment claims for deliberate indifference regarding finger injuries. At the pleading stage, the court is to accept as true the facts as stated by the plaintiff. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). That is not so when ruling on a motion for judgment as a matter of law pursuant to Rule 50(a). At that point in the case, the standard is whether the evidence, viewed in the non-moving party's favor, could support a verdict in his favor. *See Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150-151 (2000). The evidence as presented by Buck could not.

Buck did not offer evidence that his hand injury had been "diagnosed by a physician as mandating treatment" or was "so obvious that even a lay person would easily recognize the necessity for a doctor's attentions." *Wynn v. Southward,* 251 F. 3d 588, 593 (7th Cir. 2001). The medical records he offered from his appointment with a nurse practitioner the day following his appointment with Nurse Tripp showed his wrist did not have any swelling, deformity, or discoloration. Buck further testified that over the counter pain medication given to him that day by

the nurse practitioner effectively treated his pain. An x-ray taken in December 2016, after his appointment with Tripp, showed a "mild irregularity at the right distal 5th metacarpal shaft" that "could represent an old fracture deformity." However, Buck did not present testimony from a medical expert stating that this mild irregularity was attributed to the excessive force incident in November 2016 and not some previous injury, that medical treatment was mandated for the hand injury, or that the one day delay in treatment caused his hand to heal incorrectly and become deformed. As Buck was informed during the pretrial conference, he was not permitted to offer testimony that required specialized knowledge, including a medical diagnosis. (*See* Doc. 289, p. 6). Accordingly, he failed to present evidence that he suffered from a serious medical condition. The Court did not misapply the law and will not reconsider the directed verdict or order a new trial as to Count 4.

Likewise, Buck has not shown that the Court misapplied the law in granting the motion for judgment as a matter of law as to Count 1 against Defendants Pappas, Meyers, and Weatherford. Construing the evidence in his favor and assuming that his cell was in fact dirty, the Court still found that Buck:

> [F]ailed to put forth evidence for a reasonable jury to conclude that Defendants Pappas, Weatherford, and Meyers were aware of the filthy and unsanitary conditions of his cells and had knowledge that such conditions exposed him to a strong likelihood of harm.

(Doc. 319, p. 9). It is not enough that Defendants "should have known about the risk," because they came to his cell "multiple times." (Doc. 322, p. 3). *See Townsend v. Fuchs,* 522 F. 3d 765, 773 (7th Cir. 2008). Buck must present evidence that Defendants "received information from which the inference could be drawn that a substantial risk existed, and that [they] actually drew the inference." *Id.* He did not present any evidence, including his own testimony, that Defendants had actual knowledge and were informed of his cell conditions. Nor did he offer evidence that the

risk was "so obvious that a jury may reasonably infer actual knowledge on the part of the defendants." *Hall v. Bennett,* 379 F.3d 462, 464 (7th Cir. 2004). It was not obvious from the pictures offered by Buck, which according to his testimony showed the cells in basically the same condition as when he was housed in them in 2016, that the conditions of the cells rose to the level of obvious filth and posed a substantial risk of harm to him as he claimed. (Doc. 319, p. 9-10). Additionally, as the Court previously noted, Defendants could not have inferred the filthy state of the cells from the smell, as Buck testified the galleries where he was housed had an odor, not just his cells. (*Id.* at p. 10). Because Buck did not present any evidence demonstrating deliberate indifference on the part of Defendants, no reasonable juror could reach a verdict in his favor as to Count 1.

Accordingly, the Court properly granted judgment as a matter of law in favor of Tripp, Weatherford, Pappas, and Meyers. The Court will not reconsider it's Order and a new trial is not required in this case.

### DISPOSITION

The Motion Pursuant to Fed. R. Civ. Orc. #59 filed by Plaintiff Buck is **DENIED.** (Doc. 322).

**IT IS SO ORDERED.**

**DATED:   June 3, 2022**

*s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**