IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM BUCK, #R21689, | |
| Plaintiff, | Case No. 17-cv-00270-SPM |
| v. | |
| DENNIS YOUNG, *et al.*, | |
| Defendants. | |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This action was commenced by pro se Plaintiff William Buck pursuant to 42 U.S.C. §1983 for alleged violations of his constitutional right during the time of his incarceration at Menard Correctional Center. Following summary judgment, Buck was recruited counsel. After several months of further discovery, recruited counsel informed the Court that there was a fundamental disagreement about the actions that should be taken in prosecuting this case between he and Buck. The Court allowed counsel to withdraw, and Buck proceeded to trial representing himself on the following claims:

**Count 1:** Defendants Witthoft, Pappas, Meyer and Weatherford subjected Buck to unconstitutional conditions of confinement while he was on suicide watch between October 27, 2016 and December 12, 2016, in violation of the Eighth Amendment. This claim is limited to the unsanitary conditions allegedly present in the cells and excludes issues concerning lights and the provision of hygiene items.

**Count 2:** Eighth Amendment claim against Slavens and Callais for using excessive force against Buck on or about November 20, 2016

**Count 3:** Eighth Amendment claim against Young for using excessive force against Buck on or about November 21, 2016.

**Count 4:** Eighth Amendment deliberate indifference claim to serious medical

> needs against Defendants Young, Slavens, Tripp, Hanna, Crane for refusing to treat and/or inadequately treating Buck's injuries related to excessive force incidents.

On the first day of trial, prior to jury selection, Buck reached a settlement agreement with Defendants Slavens, Callais, Young, Hanna, Crane, and Witthoft ("IDOC Defendants"), and the trial was conducted on Counts 1 and 4 against Defendants Pappas, Meyer, Weatherford, and Tripp ("Wexford Defendants"). (Doc. 307).

This matter is before the Court regarding issues with the settlement agreement. Buck has filed two motions asking the Court to intervene and compel IDOC Defendants to pay the settlement amount. (Doc. 329, 341). He states that Defendants are attempting to add language to the agreement that would allow them to retake the settlement money. Buck asks the Court to order Defendants to pay the settlement in thirty days or set this matter for trial.

IDOC Defendants filed responses in opposition to the motions. (Doc. 331, 342). They argue that they have not paid the settlement funds because Buck made unagreed modifications to the settlement agreement prior to signing. He crossed out language in paragraph 2 concerning the State Comptroller's ability to withhold funds that he may owe to other persons or state agencies and that Buck would submit W-9 forms or any other documents requested in order to effectuate the payment. Buck also added language stating that Defendants agree not to disclose or speak about the payment he received and that neither IDOC nor the Illinois Attorney General may seize, freeze, or confiscate the settlement funds. IDOC Defendants recount that they sent Buck a letter stating that they could not sign or process the payment due to the changes he made. They explained that they are barred from agreeing to such terms pursuant to 15 ILCS 405/10.05, which outlines the State Comptroller's duty to withhold funds from settlement proceeds, if necessary. Buck was sent a clean version of the settlement agreement. Buck has not, however, responded to the letter or returned the settlement agreement signed.

The Court directed IDOC Defendants to file a copy of the settlement agreement as amended by Buck and signed March 15, 2022. IDOC Defendants were further instructed to inquire with the Office of the Illinois Comptroller to determine if Buck owes any funds outstanding that would be withheld from his settlement payment, pursuant to 15 ILCS 405/10.05 *et seq*. (Doc. 354). IDOC Defendants have informed the Court that Buck does not owe any funds that would be withheld from the settlement payment by the Office of the Illinois Comptroller's Office. (Doc. 355).

For the following reasons, the motions are **DENIED.** (Doc. 329, 341).

### MOTIONS TO ENFORCE

Oral settlement agreements are enforceable under Illinois law if "there is clearly an offer and acceptance of the compromise and a meeting of the minds as to the terms of the agreement." *Wilson v. Wilson*, 46 F.3d 660, 600 (7th Cir. 1994)(quoting *Brewer v. Nat'l R.R. Passenger Corp.*, 628 N.E.2d 331, 335 (Ill. App. Ct. 1993)). "The essential terms must be definite and certain so that a court can ascertain the parties' agreement from the stated terms and provisions." *Dillard v. STarcon Intern., Inc.,* 483 F. 3d 502, 507 (7th Cir. 2007) (citing *Quinlan v. Stouffe*, 823 N.E. 2d 597, 603 (Ill. App. Ct. 2005)). Furthermore, "a settlement agreement may be enforceable despite the omission of certain terms so long as those terms are not material." *Beverly v. Abbott Lab.,* 817 F. 3d 328, 334 (7th Cir. 2016). *See also Higbee v. Sentry,* 253 F.3d 994, 997 (7th Cir. 2001) ("a lack of agreement on minor, immaterial terms…do not preclude a finding that a contract has been formed").

On February 22, 2022, the parties reached a valid and enforceable settlement, even though the paperwork had not been drafted and signed. Before this Court and on the record, Buck agreed to dismiss the claims against IDOC Defendants in exchange for $2,500. The parties do not dispute these essential terms or whether they were properly included in the settlement agreement. *See Elustra v. Mineo,* 959 F. 699, 709 (7th Cir. 2010) (finding material terms were definite and certain

were defendants agreed to pay a specified sum in exchange for the dismissal of the lawsuit).While during the settlement conference, the parties did not discuss the provision at issue regarding the State Comptroller's ability to withhold funds, in this specific case, the language does not alter any of the material terms agreed upon by the parties. This is boilerplate language included in most, if not all, settlement agreements entered into between prisoner plaintiffs and defendants who are employed by IDOC. Most notably, the language has no impact on Buck's settlement award. As been confirmed by IDOC Defendants, Buck does not owe any money to the state and so no reduction will occur in order to offset any debt. Furthermore, regardless of whether the boilerplate language is included in the settlement agreement, the settlement funds are subject to state law. Accordingly, the oral settlement agreement entered into by the parties is enforceable, but the Court will not direct IDOC Defendants to pay the settlement amount until Buck has signed the settlement agreement as originally sent, unamended.

For these reasons, Buck's motions asking the Court to intervene and direct IDOC Defendants to submit payment are **DENIED**. IDOC Defendants are **DIRECTED** to send a new clean copy of the settlement agreement to Buck by **December 5, 2022**. Buck must complete and return the settlement paperwork *without modification* to IDOC Defendants no later than **December 19, 2022**. IDOC Defendants shall file a status report with the Court on or before **January 16, 2023**, advising the Court of whether the settlement agreement has been fully executed and submitted to Central Management Services for creation of a payment voucher.

Buck is **WARNED** that refusal to sign and return the documents is grounds for sanctions. The Court may vacate the settlement agreement and dismiss this case with prejudice for failure to comply with an order of the court pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Givens v. Vaughn,* No. 16-cv-00303-NJR (S.D. Ill. Nov. 2, 2019) (dismissing case due to plaintiff's failure to obey a court order and sign the settlement documents), *aff'd,* No. 20-2555,

2021 WL 3661206, at *2 (7th Cir. Aug. 18, 2021). *See also Lewis v. School Dis*t. #70, 648 F. 3d 484, 488 (7th Cir. 2011) ("[w]hen a district court judge is unable to dispose of a matter because a recalcitrant plaintiff systematically refuses to obey the court's order, dismissal is justified").

**IT IS SO ORDERED.**

**DATED:** November 21, 2022

              *Stephen P. McGlynn*
              **STEPHEN P. MCGLYNN**
              **United States District Judge**